### Jonathan B. Spencer *vs.* Amos W. Barnum.

B and S, being joint owners of a raft of timber, employed an agent to sell the same for their joint benefit ;—it was holden that the agent was a competent witness for S to prove that B, without the consent of S, directed the agent to apply the whole proceeds of the timber to the paymemt of debts owing from B to the agent, and that he, the agent, had accordingly so made the application.

This was an action of *account render*, and came on to be heard on the report of auditors and exceptions following :

"The plaintiff produced evidence to show that in the month of June or July, 1828, he was tenant in common with the defendant in a raft of square timber alleged to amount to 19617 cubic feet, which timber was transported by the plaintiff and defendant to Whitehall, in the state of New-York, and was entrusted by them to the care of one Melancton Wheeler, of said Whitehall, to sell for their joint benefit. The defendant offered evidence to show that said raft of timber was estimated at more than it actually contained, &c.

The auditors decided, upon the whole evidence, that the defendant ought to account to the plaintiff for 9000 cubic feet of the aforesaid timber, being the share the plaintiff owned in it ; and that defendant did take upon himself the charge of said raft to be

sold by Wheeler for the joint benefit of the plaintiff and defendant.

The plaintiff then offered to prove, that, under the direction of the defendant, the raft had been sold, and the proceeds thereof had been by said defendant's direction applied to his own personal benefit. The defendant contended, that he had not received, nor had procured, any part of the avails of the defendant's share in said raft to be appropriated to his use.

The auditors found, that the raft, by the advice and consent of the defendant, had been sold by Wheeler, the agent aforesaid, and the avails thereof had been applied to the sole benefit of the defendant, and that the said agent wholly refused to pay over or account with the plaintiff for any part of said timber.

The auditors report that there is in arrear from the defendant to the plaintiff, to balance the account of the said parties in the raft aforesaid, the sum of $732 50, and costs of audit, taxed, &c.

The defendant contended it was proved, that Melancton Wheeler, the person who received the timber at Whitehall for sale, knew that so much of it as was marked B. S. was owned by Barnum & Spencer, and not by Barnum alone; and, consequently, that he was not a competent witness to show that he had accounted with defendant for the avails of said timber, nor that he had with such knowledge applied the avails to the extinguishment of defendant's private debts to him.

The auditors found by the testimony of Wheeler, that he did know, that Spencer had an interest in said timber marked B. S. and that Wheeler refused to account to the plaintiff for any part thereof, on the ground of Barnum's statement to him, that he had authority to control Spencer's share. And as to the competency of Wheeler as a witness, the auditors overruled the objection.

The defendant also contended, that it appeared Wheeler, the agent, had never finally settled for the avails of said timber with defendant, and that he was still in possession of two notes against the defendant for $700; and that he had not accounted with defendant for said sum, and had no legal right to withhold that amount from plaintiff and defendant; and, consequently, that plaintiff could not call on defendant to account for the same.

The auditors found, that the accounts of Barnum and Wheeler had never been finally adjusted; that Wheeler had the two notes, amounting to $700, against Barnum still in his hands; that Wheeler swore on the trial he had accounted to Barnum for the said $700, as directed by defendant."

*Exceptions.*

" The defendant excepts to the report of the auditors in this case, in this, to wit, That after the auditors found the fact, that the raft of timber in question was jointly owned by the plaintiff and defendant, and was placed by the parties into the hands of Wheeler to be sold for their joint benefit, the auditors erred in deciding that Wheeler was a competent witness for the plaintiff to prove the fact, that the defendant, without the consent of the

*Margin:*

ADDISON,
January,
1832.

Spencer
*vs.*
Barnum.

ADDISON,
January,
1832.

Spencer
vs.
Barnum.

plaintiff, directed Wheeler to apply the whole proceeds of said timber to the payment of debts owing from defendant alone to Wheeler; and by which direction he retains the avails thereof from the plaintiff. Also in this; That the auditors, having found the fact, that the accounts of the defendant and Wheeler had never been finally adjusted, and that Wheeler had still in his possession the two notes in his favor against the defendant of $700, they erred in deciding, that the understanding between defendant and Wheeler, that the avails of the timber might be applied by Wheeler to satisfy said notes before such final adjustment is made, or said notes are delivered to defendant, or cancelled, was sufficient accounting for that sum by Wheeler to the defendant to make the defendant liable therefor to the plaintiff."

The county court decided that the exceptions were insufficient, and accepted the report of the auditors. The defendant having filed exceptions to the opinion of the court, the case was reserved for the opinion of this Court.

*Phelps and Bell, for the defendant.*—It is urged for defendant, that the evidence of Wheeler should have been rejected. If *Spencer* recovers of *Barnum*, and collects his money, Wheeler, in that case, can retain the money he holds to apply on his demands against *Barnum*. If he has to pay the money to *Spencer*, he would then have to run the risk of collecting his demands of *Barnum*. His interest, therefore, is clearly in favor of *Spencer's* succeeding against *Barnum*. If a witness is interested, the interest should be substantially balanced between the parties to render him competent to testify for either, and when that interest preponderates in favor of the party calling him, his evidence should be excluded.—*Owen* vs. *Mann*, 2 *Day's Rep.* 399; *Buckland* vs. *Tankard*, 5 *T. R.* 578.

It is also contended that when the auditors found the fact to be, "that the accounts of *Barnum* and Wheeler had never been finally adjusted, and that Wheeler had the two notes amounting to $700, against *Barnum*, still in his hands," that the auditors mistook the law when they decided *Barnum* was liable to account to *Spencer* for a sum equal to the amount of the notes. *Barnum's* liability to *Spencer* to account for monies in Wheeler's hands could only be substantiated upon the fact that *Barnum* received of Wheeler the money, or that which was equivalent. It should appear in evidence, to create that liability upon *Barnum*, that such an application was made of the avails of the timber towards *Barnum's* debt to Wheeler, as would be binding on both of them. This appears not to be the case. Wheeler having the

ADDISON,
January,
1832.

Spencer
vs.
Barnum.

notes, and no settlement being made between him and *Barnum*, he may sue *Barnum* at once on those notes. Nor can *Barnum* plead accord and satisfaction, or payment, until *Spencer* is paid. Wheeler's liability to account to *Spencer* would prevent any application, even by way of offset, by *Barnum*, of the money in Wheeler's hands upon those notes.

*Tucker, for the plaintiff.*—The plaintiff in this case contends, that there is no error in the decision of the auditors—because, *First.* Although the timber in question was owned by the parties in this action, as tenants in common, and was, *by their mutual consent*, placed in the hands of Wheeler, as their agent, to sell, yet, the agent has legally accounted for the avails of said timber, by making full payment therefor to the defendant, who is liable to his co-tenant, in this action for such share as was owned by him, and the amount of which share was found by the auditors. Property owned in partnership is treated as holden by a tenancy in common.—*Read et al.* vs. *Shepardson*, (2 *Vt. Rep.* 126, *opinion of the Court.*) And although at the common law, (1 *Swift's Dig.* 337,) the mere ownership of personal chattels, as tenants in common, does not constitute a regular partnership, yet, it is contended, that the character of the dealings between these parties, out of which the present controversy arose, amounts, *as between them*, to a special partnership in this particular transaction. The auditors found, that " the defendant took upon himself the charge of the timber, to be sold by Wheeler," (the agent,) " for the joint benefit of the plaintiff and defendant." The sale for their joint benefit, the raft having been placed " *by their mutual consent*" in the hands of Wheeler, made them special partners in the profit or loss of the concern, according to the share which each respectively owned.—3 *Kent's Com.* 11 ; *Sims* vs. *Willing*. 8 *Sergeant and Rawle*, 103. If A own a lighter, and B agree to work said lighter, and *divide the neat profits*, they are special partners.—1 *Sw. Dig.* 340. In the present case, the plaintiff got out the timber upon defendant's land, plaintiff furnishing the labor, and defendant the timber ; and no division ever took place. The timber was all marked " B. S." (the initials of both parties,) and the division of interest was evidently to be made after the sale. Every partner, whether general or special, has power to collect and discharge the debts due to the partnership, and the act of each binds the whole.—1 *Sw. Dig.* 340, 341 ; 3 *Kent's Com.* 17, 20, 21. If the interest of partners in partnership personal

Addison,
January,
1832.

Spencer
vs.
Barnum.

property is to be treated but as a tenancy in common, according to the case, *Read et al.* vs. *Shepardson*, (before cited,) how are the rights and liberties of partners and tenants in common of personal chattels to be distinguished ? Are not their situations in law, upon this construction, undistinguishable ? If their *interest* be treated as identical, how are the consequences, liabilities, and rights of each, to be discriminated ? But without settling a perfect identity of interest, liability, and right, as to partners and tenants in common, under our system, it was always holden, at the common law, that if two tenants in common own a personal chattel, and one take it away or dispose of it, although the other cannot pursue such chattel itself, he may have his action against his co-tenant for his share of it.—1 *Sw. Dig.* 104 ; 1 *Ld. Raym.* 737, *Waterman* vs. *Soper.*   Still if there could exist a doubt as to the right of the defendant in this case to receive of Wheeler, the agent, the avails of timber sold, *on behalf of himself and his co-tenant*, (or, as the plaintiff contends in this transaction, " partner,") it would not lie with said defendant, after having so received the amount of said avails, to deny his co-tenant's (or partner's) right to his share, and to turn plaintiff over to a doubtful law suit with the agent, who has honestly and in good faith accounted for the whole to this defendant.   The defendant had the amount applied (as found by the auditors) " to his sole benefit," upon his own statement, that he " had authority to control *Spencer's*," (the plaintiff's) " share."   If he is allowed to prevail with such a defence, he takes the benefit of his own wrong.   Whether the agent be discharged by the accounting to *Barnum* for the whole avails or not, that accounting was sufficient to make *Barnum* liable to his co-tenant, (or partner.)   He is his bailiff and receiver.   An agent generally has a right to pay over money, in good faith, to either of the persons in interest, unless notified to retain it.—1 *Chit. Pl.* 26, 27 ; *Ld. Raym.* 1210, *Pond* vs. *Underwood* ; 4 *Term Rep.* 553, *Granway* vs. *Hard* ; *Strange*, 480, *Cary* vs. *Webster* ; *Bull. N. P.* 133; *Sadler* vs. *Evans*, *Tr. Term*, 6 *Geo.* 3d ; *Livermore on Agents and Factors, p.* 74.   There is no finding, in this case, by the auditors, that plaintiff ever gave notice to Wheeler not to pay over the avails to *Barnum.*

*Secondly.*—It is contended for plaintiff, that if the payment by the agent, Wheeler, to defendant amounts to a good discharge *for him*, as to the plaintiff and defendant, he was a competent witness to show to whom he paid over the avails of the timber, having no interest whatever in the event of the suit, and *interest* being the

Addison,
January,
1832.

Spencer
vs.
Barnum.

only ground upon which the competency of his testimony was or can be objected to ;—Or,

*Thirdly :*—That if said agent had no right to pay over to defendant, and is still liable for plaintiff's share of the avails of the timber, he is not thereby disqualified from being a witness between these parties.—2 *Esp. Rep.* 508, *Mathews* vs. *Hayden* ; 1 *Phil. Ev.* 100 ; 2 *Stark. Ev.* 753-4, 767-8-9.  A judgement against defendant in this case, without satisfaction, would be no bar to a suit hereafter brought by the plaintiff against the said agent for the same claim.

*Fourthly.*—That no final adjustment of the defendants *general account* with the agent, Wheeler, was necessary to enable the plaintiff to sustain his suit.—3 *Stark. Ev.* 1082.  The agency of Wheeler, as to these parties, was a special one, *a mere single transaction*, in which it was not necessary that the accounts should be balanced to enable one co-tenant (or partner) to support his action against the other.—1 *Chit. Pl.* 28 ; 8 *Term Rep.* 146, *Martyn* vs. *Knowllys.*  This transaction had nothing to do with any other dealings between this defendant and Wheeler.  The manner in which the avails were accounted to this defendant is immaterial, and should affect no interest of the plaintiffs.  It is not certainly any concern of this plaintiff, that the defendant applied the money to pay a preexisting debt due from him to Wheeler, or whether individual securities between defendant and Wheeler were given up or retained.  The whole case rests upon the answers to a few plain queries.  Did the defendant receive the money ?  Had he a right to receive it ?  Was its application for his own personal benefit, with his own consent, and by his own directions ?  If so, is he accountable to his co-tenant, (or partner,) for *his* just share of it ; and is the agent who transacted the business for both these parties a competent witness to show the facts ?

*The opinion of the Court delivered by* Baylies, J.—The Court are called upon to decide whether Melancton Wheeler, an agent employed by the parties in the action, to sell their timber, was a competent witness for the plaintiff to prove that he had sold the timber, and accounted to the defendant for the same.  If Wheeler was not competent to testify, it must be on the ground of interest.  But the Court do not see that he had that interest, which should exclude him from being a witness.  In the case of *Walton* vs. *Shelley, (*1 *T. R* 296,) *Ashurst, J.* says, " The general rule is, that where a man is not interested in the event, he shall be a

ADDISON,
January,
1832.

Spencer
vs.
Barnum.

competent witness, though he may have a bias upon his mind with regard to the subject matter. As if a person bring two several actions against two defendants for the same battery, in the action against one, the other may be a witness, because he is not interested in the event. Any objection to such testimony should go to the credit, rather than to the competency of the witness." In the case before us, nothing is disclosed by the report of auditors that renders it certain that Wheeler was like to gain or lose any thing by the event of the suit. The exceptions to the report are overruled, and the

Judgement of the county court is affirmed.